United States Court of Appeals
Fifth Circuit

F I L E D

June 28, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30224
Summary Calendar
_____

JEFFREY DEPRIEST,

                                        Plaintiff-Appellant,

versus

RIVER WEST LP, doing business as River West Medical Center

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 03-CV-01058)

_____

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

    DePriest appeals the district court's summary judgment dismissal of his claims for

unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FSLA) and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Louisiana state law, LA. REV. STAT. ANN. § 23:631. Reviewing the record under the same standard as the district court, we affirm for the following reasons:

1.      We have recognized that, while an employee's right to a minimum wage and to overtime pay under the FSLA cannot be abridged by contract or otherwise waived, an agreement between the parties is relevant to the issue of compensability for periods during which an employee is required to be on-call or standby. Allen v. Atlantic Richfield Co., 724 F.2d 1131, 1135-36 (5th Cir. 1984); C.M. Rousseau v. Teledyne Movible Offshore, Inc., 805 F.2d 1245, 1248 (5th Cir. 1986). Whether on-call time is compensable working time depends upon the working agreements between the parties governing on-call work and the degree to which the employee is permitted or free to engage in personal activities during periods of idleness when he is subject to call. See 29 C.F.R. § 785.17 (2005); Rousseau, 805 F.2d at 1248. Under the FSLA, an on-call employee is not entitled to "have substantially the same flexibility or freedom as he would if not on call," and is not entitled to payment for on-call time if he is able to use it effectively for personal purposes, such as eating, sleeping, watching television, or engaging in other recreational activity. Bright v. Houston Northwest Med. Ctr. Survivor, Inc., 934 F.2d 671, 676-78 (5th Cir. 1991); Brock v. El Paso Natural Gas Co., 826 F.2d 369, 370 (5th Cir. 1987).

In this case, DePriest willingly entered into a written agreement for

2

work as a weekend radiology technician (RT) under which he would be compensated at a higher than usual hourly rate for the on-duty daytime weekend shifts and would be compensated for the nighttime weekend periods at a reduced on-call hourly rate plus a flat-rate per-procedure fee, regardless of how long each procedure took. While the parties dispute whether DePriest was required to stay at the hospital during the on-call periods, DePriest's testimony indicated that he was able to engage in other personal activities during periods of idleness even if he was required to stay on hospital grounds. See Rousseau, 805 F.2d at 1248 (finding that on-call time spent by offshore oil derrick barge employees was noncompensable even though employees were required to remain onboard where employees were free to engage in leisure pursuits including sleep).

2. Additionally, Department of Labor (DOL) regulations allow unpaid sleep periods during duty shifts exceeding twenty-four hours so long as adequate facilities are provided and the employee can get at least five hours' sleep during the scheduled period. 29 C.F.R. § 785.22(b) (2005). The DOL has clarified that the five hours of sleep need not be five continuous uninterrupted hours of sleep. See Bouchard v. Reg'l Governing Bd. of Region v. Mental Retardation Servs., 939 F.2d 1323, 1332 (8th Cir. 1991) (citing DOL WH Pub. 1459, "State and Local Government Employees Under the Fair Labor Standards Act," May 1985).

3

Here, the record reflects that, during the nights of DePriest's tenure as the weekend RT for which he provided procedure times, he was afforded the opportunity to obtain reasonable periods of sleep totaling at least five and up to eight hours during the scheduled on-call period on all but three or four occasions. See Roy v. County of Lexington, South Carolina, 141 F.3d 533, 546-47 (4th Cir. 1998) (finding that county emergency medical service employees were not entitled under FLSA to compensation during eight-hour sleep periods where, during sample period, only 35% of sleep periods were interrupted to such extent that employees got less than five hours of sleep). DePriest was compensated according to the agreement between the parties for all recorded sleep time interruptions via per-procedure pay. DePriest's own testimony reflects that he was afforded adequate sleeping and bathing facilities as well as ready access to food facilities.

3. While DePriest argues in his brief that River West's on-call procedure time analysis relies on estimates and does not include allowances for patient pick up and drop off, River West's analysis is based on DePriest's own procedure log times. DePriest adduced no proper summary judgment evidence of record to support his argument that the sleep time interruptions were understated by River West. See Solo Serve Corp. v. Westowne Assoc., 929 F.2d 160, 164 (5th Cir. 1991) (holding that only evidence, rather than argument in a brief or facts alleged in a complaint, will satisfy

4

the non-movant's burden under summary judgment).  Accordingly, although the question of whether waiting time is working time depends on all the circumstances of the particular case, summary judgment is appropriate as a matter of law where the material facts are undisputed and the summary judgment record contains insufficient evidence to support a finding that on-call time was working time.  See Bright, 934 F.2d at 674-75.

4.  Because we find that the district court did not err in concluding that DePriest's time spent off duty but on call within the confines of the hospital was noncompensable time under the FSLA, we hold that it was also proper for the court to dismiss DePriest's state law claim.  Absent a valid claim for additional compensation for the on-call periods, DePriest has no claim for wages unpaid upon termination under LA. REV. STAT. ANN. § 23:631.

AFFIRMED.